## STATE *v.* EDWARDS.

[76 South. 635, Division A.]

ANIMALS. *Registration. Offenses. Statute.*

> Under Code 1906, section 1055, providing that every dealer in live stock who shall fail to enter in a book the names of all persons from whom he buys, and a description by marks and otherwise of all animals bought or kept by him for slaughter, shall be punished, an indictment, charging that accused, then and there being a dealer in live stock, unlawfully failed to keep any record of stock bought or sold, and thereby did not enter the names of all persons from whom he bought such stock and a description by marks and brands or otherwise of all animals bought, is insufficient, where it was not alleged that defendant in fact bought cattle, sheep, etc., and failed to register the names of the persons from whom he bought them.

APPEAL from the circuit court of Perry county.

HON. P. B. JOHNSON, Judge.

Allen Edwards was indicted for an alleged violation of Code 1906, section 1055, and a demurrer to the indictment being sustained, the state appeals.

The defendant was indicted under section 1055, Code of 1906, which is as follows:

"The Same; Butchers and Dealers to Keep Register, etc.—Every butcher or dealer in cattle, sheep, or hogs, who shall fail to enter in a book or register the names of all persons from whom he buys, and a description by marks, brands, and otherwise of all animals bought or kept by him for slaughter, or to allow an inspection of such entries at any time, by any person interested to make it, shall, on conviction, be imprisoned in the county jail not exceeding six months, or be fined one hundred dollars, or both."

The indictment alleges that:

"Allen Edwards, on the 3d day of April, 1916, in Perry county aforesaid, then and there being a dealer in cattle, sheep, and hogs, and buying the same, unlawfully failed to keep any record of the stock aforesaid bought and sold, and thereby unlawfully did not enter the names of all persons from whom he bought such stock and a description by marks, brands, and otherwise of all animals bought as aforesaid against the peace and dignity of the state of Mississippi."

The court sustained a demurrer to this indictment, and the state appeals.

*Earl Floyd,* for the state.

The first ground of the demurrer is that the indictment does not charge any crime known to the law. The second ground of the demurrer alleges the indictment to be insufficient in that it does not attempt to give the names of any person, or persons, from whom the defendant purchased stock, nor the kind of stock so purchased.

115 Miss.—45

The gravamen of the offense under the above statute is either failing to enter in a book or register the names of the persons from whom he buys and a description of the cattle bought, or to allow an inspection of such register by any interested party.

While the names of the persons from whom he bought cattle could have been inserted in the indictment and formed material descriptive matter, yet it is not necessary as a part of the indictment to insert such names. The gist of the offense is the failure to insert any name of the buyer or the description of the cattle bought, rather than the failure to enter any particular name of persons or description of cattle.

The third ground of the demurrer is that the indictment "charges defendant with the offense of failure to keep a book or register of the animals purchased, and also attempts to charge him with the offense of failing to enter the description of the stock so purchased in said register." The indictment alleges that he "failed to keep any record of the stock aforesaid bought and sold, and thereby unlawfully did not enter the name of all persons from whom he bought such stock, and a description by mark, brands and otherwise of all animals bought as aforesaid." It is to be observed that the mere allegation of a failure to keep a register is a sufficient averment in itself, that the names of the persons and the description of the cattle were not entered therein, as required by statute, but the indictment follows closely the words of the statute and alleges the failure to keep any record or register, and also a consequence thereof for failure to enter the names of the persons and the description of the animals. It is difficult to see what objection could be raised by this form of alleging the facts. Certainly the person indicted cannot claim that the language of the indictment did not apprise him of the accusation, and that being so, every legal requirement has been met.

In the case of *Richberger* v. *State*, 44 So. 772, it was held that it was sufficient to charge a statutory offense in the words of the statute, or by the use of words synonymous therewith. *Harrington* v. *State*, 54 Miss. 490; *Roberts* v. *State*, 55 Miss. 421; Joyce on Indictments, section 371, *et seq.*

An indictment charging a statutory misdemeanor, as is the offense in this case, substantially in the language of the statute is generally sufficient, and it is said to be rarely necessary to do otherwise. Joyce on Indictments, section 389.

The fourth ground of the demurrer is that the indictment does not allege whether or not the defendant was a dealer in sheep, cattle or hogs. The demurrant assumes that the statute makes it necessary to allege that he was a dealer in only one of the classes of animals enumerated. The words "dealer in cattle, sheep or hogs" were intended to cover that class of persons dealing in any or all of such animals, but who did not come under the term of "butcher." It is, therefore, unnecessary to allege that he was a dealer in any particular class of such animals, as it would be sufficient to prove that he dealt in any one or more classes thereof.

I respectfully submit that the court below was in error in sustaining the demurrer to the indictment in this case and that its judgment should be reversed, and the case remanded.

SMITH, C. J., delivered the opinion of the court.

Under section 1055, Code of 1906, upon which this indictment is predicated, it is the duty of a butcher or dealer in cattle, sheep, or hogs, each time he purchases cattle, sheep, or hogs, to register the name or names of the person or persons from whom he buys, and each failure so to do is a separate offense. This indictment is drawn upon the theory that but one offense is committed by the failure of a dealer to register the names

of all persons from whom purchases are made, and, moreover, while it alleges that the defendant was a dealer in cattle, sheep, and hogs, and did not register the names of persons from whom he bought, it contains no allegation that he, in fact, bought cattle, sheep, or hogs and failed to register the names of the persons from whom he bought them. The demurrer was properly sustained.

*Affirmed.*